# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry James Tyler,** | ) Civil Action No. 9:12-2828-MGL-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| **Ronald Brooks,** | ) |
| | ) |
| Defendant. | ) |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On January 17, 2013, the Defendant filed a motion for summary judgment. By Order of this Court filed January 18, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro Order, the Plaintiff failed to respond to the motion. As the Plaintiff is proceeding pro se, the court filed a second order on February 26, 2013, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Plaintiff an additional ten (10) days in which to file his response to the Defendant's motion for summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

On March 8, 2013 (past the additional 10 days Plaintiff had been provided) Plaintiff



1

filed a motion for an extension of time to respond.  Again in consideration of Plaintiff's pro se status,

the Court granted Plaintiff's motion, and gave him a further extension to March 22, 2013 to file his

response.  Plaintiff was further specifically warned in that Order that no further extensions would be

granted, and that his case would be dismissed if he failed to respond (referring to Court Docket No.

25).  However, notwithstanding this third warning, the Plaintiff still failed to file any response, or to

contact the Court in any way.

       Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing

Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).[1]  Accordingly, it is recommended that this action be

dismissed with prejudice for lack of prosecution.  See Davis, 558 F.2d at 70; Rule 41(b),

Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v.

Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a

recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds

for the district court to dismiss suit when plaintiff did not comply despite warning].

       The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

March 25, 2013
Charleston, South Carolina

---

[1]He is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so.  Lopez, 669 F.2d at 920.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



3